UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| JOEY SMITH, | ) |
| | ) CIVIL NO. 6:13-200 |
| Plaintiff | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| HOLLER CRAWLERS OFF-ROAD CLUB, INC., | ) |
| ASHER LAND AND MINERAL, LLLP, | ) |
| ASHER COAL MINING COMPANY, | ) |
| ALBEY BROCK, | ) |
| individually and in his official capacity, | ) |
| RICK CORNETT, | ) |
| individually and in his official capacity, | ) |
| HAROLD BROCK, | ) |
| individually and in his official capacity, | ) |
| LONNIE MAIDEN, JR., | ) |
| individually and in his official capacity, | ) |
| COYLE SILCOX, | ) |
| individually and in his official capacity, | ) |
| BILL PARTIN, | ) |
| individually and in his official capacity, | ) |
| JON GRACE, | ) |
| individually and in his official capacity, | ) |
| and | ) |
| YAMAHA CORPORATION, USA, | ) |
| | ) |
| Defendants | ) |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion to dismiss (DE 21) filed by the seven individual defendants in this matter. Those defendants are Albey Brock, Rick Cornett, Harold Brock, Lonnie Maiden, Jr., Coyle Silcox, Bill Partin, and Jon Grace. Defendant Brock was Bell County judge executive during the relevant time period. Defendants Cornett, Brock, Maiden, Silcox, and Partin were magistrates of the Bell County Fiscal Court. Defendant Grace was Bell County Adventure Tourism Director.

The plaintiff Joey Smith sues each of these defendants in their individual and official capacities as public officials of Bell County, Kentucky.

## I.  Background

The plaintiff Smith asserts that he took part in an event in Bell County at the Wilderness Trail Off-Road Park. According to the plaintiff, the park consists of 9,000 acres and "advertises over 120 miles of off-road trails available to drivers of ATV's, side-by-sides, dirt bikes, jeeps, trucks and other off-road vehicles." (DE 5, Complaint ¶ 15.) According to the plaintiff, the park is operated by the county. (DE 25 at CM-ECF p. 5.) The event at issue occurred the weekend of October 19, 2012 and was organized by the defendant Holler Crawlers Off-Road Club, Inc. (DE 5, Complaint ¶ 8.)

The event included a Holler Crawler Haunted Forest Ride, the goal of which was to "break the world record for most ATV's and utility terrain vehicles in a parade." (Complaint ¶ 18.)  The forest ride occurred the afternoon of October 20, 2012. (DE 5, Complaint ¶ 18.)  That evening, a "haunted trail ride" and a concert took place on the property. (DE 5, Complaint ¶ 19; DE 30-1, Mem. at 1.)

At about 4:00 that afternoon, an event participant named Steve Payne was killed when two underage motorcylists collided with his motorcyle. (DE 30-1, Mem. at 2.)  A couple of hours later, the plaintiff Joey Smith was driving a side-by-side ATV to the concert with Luke Woodward and two other passengers. (DE 30-1, Mem. at 2.)  Smith's ATV was overturned and he and Woodward were injured. (DE 30-1, Mem. at 2.)

The Court construes Smith's complaint to assert a negligence claim against all of the individual defendants. These defendants move to dismiss the claim against them.

## I. Analysis

The claims against the individual defendants in their official capacities must be dismissed under the doctrine of official immunity. "Kentucky counties are cloaked with sovereign immunity. This immunity flows from the Commonwealth's inherent immunity by virtue of a Kentucky county's status as an arm or political subdivision of the Commonwealth." *Lexington–Fayette Urban County Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky.2004) (citations omitted). When fiscal court members are sued in their official capacity, the action is essentially brought against the county. *Edmonson County v. French*, 394 S.W.3d 410, 414 (Ky. App. 2013) (citations omitted). Like the county, the fiscal court and its members, who are sued in their official capacity, are entitled to sovereign immunity. *Id*. Accordingly, the claims against the individual defendants in their "official capacity" will be dismissed.

The individual defendants also allege that the claims against them in their individual capacities should be dismissed under the doctrine of qualified official immunity. While public officials sued in their *official* capacities are entitled to absolute immunity, public officials sued in their *individual* capacities "enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 521-22 (2001). Qualified official immunity ensures that "[o]fficials are not liable for bad guesses in gray areas." *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citation omitted). "Most government officials are not expected to engage in the kind of legal scholarship normally associated with law professors and academicians." *Id*. (quotations and citation omitted). Qualified immunity is said to protect "all but the plainly

incompetent or those who knowingly violate the law." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

Public officials are entitled to qualified official immunity for negligent conduct when their negligent acts were 1) discretionary acts or functions; 2) made in good faith; and 3) within the scope of the employee's authority. *Yanero*, 65 S.W.3d at 522.

In order to determine whether the individual defendants are entitled to qualified official immunity, the Court must first determine the acts that the plaintiff alleges these defendants performed negligently.

Smith alleges that the individual defendants "planned, financed, staffed, promoted, supervised, and sponsored" the Haunted Forest Ride. (DE 5, Complaint ¶ ¶ 20, 21, 22.) As to defendant Jon Grace, the plaintiff alleges that, as the County Adventure Tourism Director, he was the "chief organizer and promoter of the events at Wilderness Trail Off-Road Park." (DE 5, Complaint, ¶¶ 6, 17.)

Smith asserts that the defendants were negligent in performing these functions because they failed to do certain things. He alleges that these defendants failed to 1) adequately staff the event, 2) institute or enforce general safe driving standards, 3) institute or enforce a minimum age requirement for participating riders, 4) ensure the participating riders had the necessary experience and proper safety equipment, 5) ensure the roadways were clearly marked and structurally safe, 6) adequately train and supervise staff, 7) adequately supervise the participants, or 8) provide adequate safeguards to accommodate the "huge crowds" invited to participate in the event. (DE 5, Complaint, ¶¶ 29, 34.)

The Court will look first to the third prong of the analysis – whether the alleged negligent acts were within the scope of the individual defendants' authority. In determining whether actions are taken within the scope of a defendant's authority, the issue is whether the actions are "within the general scope of the official's authority." *Sloas*, 201 S.W.3d 469 at 487 (citation and brackets omitted). It is sufficient if the actions taken were "within the outer perimeter of an official's line of duty." *Id*. (brackets and citation omitted). "In other words, an act is within the official's jurisdiction if it is not manifestly or palpably beyond his authority." *Id*. at 487-88 (citation omitted). "To be within that perimeter, and therefore ... privileged, [i]t is only necessary that the action bear some reasonable relation to and connection with the duties and responsibilities of the official." *Id*. at 488 (quotations and citation omitted).

A Kentucky state statute specifically provides that the development and operation of parks and recreation centers is "a proper municipal purpose for all cities and counties." KRS § 97.010. Another statute provides that the fiscal court has the power to appropriate funds and employ personnel to provide parks, recreation areas, and other recreational facilities and programs. KRS § 67.083(3). That statute "has been liberally construed to provide fiscal courts with broad powers related to governmental functions so long as the power at issue has not been specifically restricted by other legislation." *Concerned Citizens for Pike County v. County of Pike*, 984 S.W.2d 102, 103 (Ky. App. 1998). Thus, by statute, the operation of the Wilderness Trail Off-Road Park was within the scope of authority of the county judge executive and the magistrates. This scope would include the planning, financing, staffing, promotion, supervision, and sponsoring of events there, including the one at issue in this action.

The plaintiff argues that the event was not within the scope of the judge executive or magistrates' authority because it involved "the death of one individual and injuries to two others" and because the event "turned into a holocaust." (DE 25, Response at CM-ECF p. 4.) But, in determining whether an act complained of is within the scope of an individual official's authority, "the issue is not whether the official properly exercised his discretionary duties or whether he violated the law." *Sloas*, 201 S.W.3d at 487. "If these were the relevant inquiries, any illegal action would, by definition, fall outside the scope of an official's authority." *Id*. (quoting *In re Allen*, 106 F.3d 582, 594 (4th Cir.1997)). "Simply put, the alleged wrongfulness of one's act is not determinative of the general scope of one's authority." *Id*.

As to defendant Grace, however, he was not a fiscal court magistrate but instead it appears he was a county employee. The defendants do not address what the scope of Grace's authority was as County Adventure Tourism Director or even specifically discuss him in their motion to dismiss. Accordingly, the motion must be denied as to the claim against Grace in his individual capacity.

The next issue with regard to the county judge executive and the fiscal court magistrates is whether the actions at issue were "discretionary." It is the officer or employee's burden to show that the acts were discretionary. *Sloas*, 201 S.W.3d at 476. If he does so, then the burden shifts to the plaintiff to establish that the acts were performed in bad faith. *Id*.

Discretionary acts are those acts that involve "the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Yanero*, 65 S.W.3d at 522. In contrast, a public officer or employee is afforded no immunity for the negligent

performance of a *ministerial* act, which is an act "that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Id*.

> Discretionary or judicial duties are such as necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued. Discretion in the manner of the performance of an act arises when the act may be performed in one of two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed.

*Collins v. Commonwealth of Ky. Natural Resources and Environmental Protection Cabinet*, 10 S.W.3d 122, 125 (Ky.1999) (citation omitted).

The decision by the county judge executive and the magistrates regarding the how the event at issue would be conducted were discretionary acts, involving personal judgments, not merely obedience to the orders of others or execution of specific, defined acts. These decisions included decisions about how the event would be staffed and supervised; the standards, rules, and regulations that would govern the event; and the preparation of the property for the event. These are the decisions and actions that form the basis for the plaintiff's complaint and they are all discretionary acts.

Accordingly, the burden shifts to Smith to show that the acts complained of were taken in bad faith. This element has both objective and subjective components. *Yanero*, 65 S.W.3d at 523. An official is not entitled to qualified official immunity if he took actions that he knew *or reasonably should have known* would violate the constitutional, statutory, or other clearly established right of the plaintiff. *Id*.; *Sloas*, 201 SW.3d at 486. This is the objective component. Bad faith can also be based on a willful or malicious intent by the public officer to harm the plaintiff. This is the subjective component.

7

*Yanero*, 65 S.W.3d at 523. "There must be some implication of self-interest, or a deliberate indifference, or sinister motive, rather than an honest mistake or oversight." *Sloas*, 201 S.W.3d at 485.

Smith does not allege any facts either in his complaint or in his response to the motion to dismiss that would support a claim that the county judge executive or magistrates willfully or maliciously intended to harm the plaintiff. Nor has the plaintiff alleged any facts that would establish that these defendants knew or should have known that the decisions they made would cause bodily harm to Smith.

Smith argues that it is improper for the Court to resolve the issue of qualified official immunity until the parties have conducted some discovery. But, for purposes of this motion, the Court has assumed as true all of the plaintiff's allegations. Further, "questions of qualified immunity should be resolved 'at the earliest possible stage in litigation' or else 'the driving force' behind immunity—avoiding unwarranted discovery and other litigation costs—will be defeated." *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)).

Smith has not explained precisely why discovery is necessary before resolving the issue of qualified immunity with regard to the county judge executive or the fiscal court magistrates. The Court recognizes that determining whether qualified immunity applies may often require resolution of factual issues. In this case, however, a state statute makes clear that the county judge executive and the magistrates were acting within the scope of their official duties in undertaking the actions alleged by the plaintiff. That the actions were discretionary is clear without any need for discovery. Further, the Court has

8

assumed the truth of all of the plaintiff's allegations and they do not support a claim that these defendants acted in bad faith.

Neither in his complaint nor in response to the motion to dismiss does Smith ever allege that the individual defendants acted in bad faith. In supporting his claim for punitive damages, plaintiff alleges that the defendants were "reckless, wanton, willful and oppressive" but he never sets forth any specific acts by the defendants that he alleges fit this description. In federal court, " a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 570.

Smith has failed to allege any facts that would support a finding of bad faith by the county judge executive or the magistrates. Accordingly, they are entitled to qualified immunity.

For all these reasons, the Court hereby ORDERS as follows:

1) the motion to dismiss (DE 21) by the individual defendants in their individual and official capacities is GRANTED in part and DENIED in part as follows:

   a) the motion is GRANTED as to the defendants Albey Brock in his individual and official capacities, Rick Cornett in his individual and official capacities, Harold Brock in his individual and official capacities,

Lonnie Maiden, Jr. in his individual and official capacities, Coyle Silcox in his individual and official capacities, and Bill Partin in his individual and official capacities and all claims against these defendants are DISMISSED;

b) the motion is GRANTED as to Jon Grace in his official capacity and all claims against this defendant in his official capacity are DISMISSED; and

c) the motion is DENIED as to Jon Grace in his individual capacity;

2) the plaintiff's motion for order permitting additional support (DE 30) is GRANTED to the extent that the plaintiff asks for the attachments to the motion to be filed in the record of this matter. The attachments consist of the pleadings filed by parties in a state-court action by Luke Woodward, a passenger in the ATV driven by the plaintiff in this action. The Court notes that it is the plaintiff's obligation to specifically point out relevant facts and legal arguments contained in the attachments that he would like the Court to consider in resolving any motions in this matter. The Court is not required to comb through these documents to find facts and legal arguments that may be favorable to the plaintiff; and

3) the plaintiff's motion (DE 36) to cite additional authority is GRANTED, the additional authority consisting of state court opinions in a related case.

Dated September 22, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY