UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| JOEY SMITH, | CIVIL ACTION NO. 6:13-CV-200-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| HOLLER CRAWLERS OFF-ROAD, INC., et al. | |
| Defendants. | |

\* \* \* \* \* \* \*

This matter is before the Court on the motions for summary judgment (DE 48, 56) filed by defendants Yamaha Motor Corporation and Jon Grace, in his individual capacity. For the following reasons, both motions will be granted.

**I.      Background**

The plaintiff Joey Smith asserts that he took part in an event in Bell County at the Wilderness Trail Off-Road Park. According to the plaintiff, the park consists of 9,000 acres and "advertises over 120 miles of off-road trails available to drivers of ATV's, side-by-sides, dirt bikes, jeeps, trucks and other off-road vehicles." (DE 5, Complaint ¶ 15.) According to the plaintiff, the park is operated by the county. (DE 25 at CM-ECF p. 5.) The event at issue occurred the weekend of October 19, 2012 and was organized by the defendant Holler Crawlers Off-Road Club, Inc. (DE 5, Complaint ¶ 8.)

The event included a Holler Crawler Haunted Forest Ride, the goal of which was to "break the world record for most ATV's and utility terrain vehicles in a parade." (Complaint ¶ 18.) The forest ride occurred the afternoon of October 20, 2012. (DE 5,

Complaint ¶ 18.) That evening, a "haunted trail ride" and a concert took place on the property. (DE 5, Complaint ¶ 19; DE 30-1, Mem. at 1.)

At about 4:00 that afternoon, an event participant named Steve Payne was killed when two underage motorcyclists collided with his motorcycle. (DE 30-1, Mem. at 2.) A couple of hours later, the plaintiff Joey Smith was driving a side-by-side ATV to the concert with Luke Woodward and two other passengers. (DE 30-1, Mem. at 2.) Smith's ATV was overturned and he and Woodward were injured. (DE 30-1, Mem. at 2.)

Smith filed this action against various defendants including Yamaha and Grace, in his individual capacity. In his complaint, Smith alleges that Yamaha sponsored these events and that it breached its duty as a business invitor by inviting him on to the property and then failing to provide him a safe environment. (DE 5, Complaint ¶¶ 13, 29.) As to Grace, Smith alleges that he was Bell County Adventure Tourism Director during the relevant time period and that he was the "chief organizer and promotor of the events at Wilderness Trail Off-Road Park." (DE 5, Complaint ¶ 17.) The Court has construed Smith's complaint to assert a negligence claim against all of the defendants. Yamaha and Grace now move for summary judgment in their favor.

II. Analysis

With its summary judgment motion, Yamaha submits evidence that it had nothing to do with the Holler Crawler Haunted Forest Ride, the "haunted trail ride," or the concert took place on the property. Its only remote connection to these events is that it provided grant money to the Bell County Fiscal Court to renovate and improve the Wilderness Trail Off-Road Park. Smith does not present any contrary evidence.

2

Instead, he submits a photograph of a sign at the Wilderness Trail Off-road Park stating that the park itself is sponsored by Yamaha. He has also submitted copies of pages of the Holler Crawler's website, one of which states "*Thanks to a grant the Bell County Fiscal Court has received from Yamaha Motor Corporation*, the Haunted Forest Ride will serve as the grand opening of some new, wooded trails on Wilderness Trail Off-Road Park." (DE 48-8, Website at CM-ECF p. 6 (emphasis added).)

This is consistent with Yamaha's evidence that its sole connection to the events at issue is that it provided grant money to the Bell County Fiscal Court to improve a public park. Yamaha has presented uncontroverted evidence that it did not sponsor, finance, organize, plan, promote, supervise, or even attend the events at issue. It cannot, therefore, be liable for negligence and its motion for summary judgment must be granted.

As to defendant, Jon Grace, during at least the relevant time period, he served as the Bell County Director of Adventure Tourism. In a prior opinion, this Court dismissed the claims against the Bell County judge executive and the magistrates of the Bell County Fiscal Court in both their individual and official capacities finding that they were entitled to both official and qualified immunity. It also dismissed the claim against Grace in his official capacity. The Court denied the motion to dismiss as to the claim against Grace in his individual capacity, however, because the scope of his authority in that position was not clear.

Grace now moves for summary judgment, again asserting qualified immunity. As the Court explained in its prior opinion, while public officials sued in their *official* capacities are entitled to absolute immunity, public officials sued in their *individual* capacities "enjoy only qualified official immunity, which affords protection from

3

damages liability for good faith judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 521-22 (2001). Qualified official immunity ensures that "[o]fficials are not liable for bad guesses in gray areas." *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citation omitted). "Most government officials are not expected to engage in the kind of legal scholarship normally associated with law professors and academicians. " *Id*. (quotations and citation omitted). Qualified immunity is said to protect "all but the plainly incompetent or those who knowingly violate the law." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

Public officials are entitled to qualified official immunity for negligent conduct when their negligent acts were 1) discretionary acts or functions; 2) made in good faith; and 3) within the scope of the employee's authority. *Yanero*, 65 S.W.3d at 522.

Smith alleges that the individual defendants "planned, financed, staffed, promoted, supervised, and sponsored" the Haunted Forest Ride. (DE 5, Complaint ¶ ¶ 20, 21, 22.) As to defendant Jon Grace, the plaintiff alleges that, as the County Adventure Tourism Director, he was the "chief organizer and promoter of the events at Wilderness Trail Off-Road Park." (DE 5, Complaint, ¶ 17.)

Smith asserts that the defendants were negligent in performing these functions because they failed to do certain things. He alleges that they failed to 1) adequately staff the event, 2) institute or enforce general safe driving standards, 3) institute or enforce a minimum age requirement for participating riders, 4) ensure the participating riders had the necessary experience and proper safety equipment, 5) ensure the roadways were clearly marked and structurally safe, 6) adequately train and supervise staff, 7) adequately

4

supervise the participants, or 8) provide adequate safeguards to accommodate the "huge crowds" invited to participate in the event. (DE 5, Complaint, ¶¶ 29, 34.)

The Court will look first to the third prong of the analysis – whether the alleged negligent acts were within the scope of Grace's authority. In determining whether actions are taken within the scope of a defendant's authority, the issue is whether the actions are "within the general scope of the official's authority." *Sloas*, 201 S.W.3d 469 at 487 (citation and brackets omitted). It is sufficient if the actions taken were "within the outer perimeter of an official's line of duty." *Id*. (brackets and citation omitted). "In other words, an act is within the official's jurisdiction if it is not manifestly or palpably beyond his authority." *Id*. at 487-88 (citation omitted). "To be within that perimeter, and therefore . . . privileged, [i]t is only necessary that the action bear some reasonable relation to and connection with the duties and responsibilities of the official." *Id*. at 488 (quotations and citation omitted).

Grace has submitted evidence that all actions he took with regard to the Wilderness Trail Off-Road Park were within the scope of his authority as Adventure Tourism Director for the county. (DE 56-2, Aff.) Smith has offered no evidence to the contrary. In response to Grace's motion, Smith submits only affidavits by Woodward and Smith, neither of which even mention Grace's name or address the scope of his authority. (DE 57-2, Woodward Aff.; DE-3, Smith Aff.)

The party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in

support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Instead of relying on evidence, Smith argues that there are factual issues regarding whether the actions at issue were within the scope of Grace's authority because, at the event, "there was no traffic control, no dust control, no supervision, and after the death of Steve Payne, no warning." Discovery is now complete in this matter. Smith must show that factual issues exist by submitting actual evidence. He has failed to do that.

Further, as the Court explained in its prior order, in determining whether an act complained of is within the scope of an individual official's authority, "the issue is not whether the official properly exercised his discretionary duties or whether he violated the law." *Sloas*, 201 S.W.3d at 487. "If these were the relevant inquiries, any illegal action would, by definition, fall outside the scope of an official's authority." *Id*. (quoting *In re Allen*, 106 F.3d 582, 594 (4th Cir.1997)). "Simply put, the alleged wrongfulness of one's act is not determinative of the general scope of one's authority." *Id*.

The next issue is whether the actions Grace took with regard to the park were "discretionary." It is the officer or employee's burden to show that the acts were discretionary. *Sloas*, 201 S.W.3d at 476. If he does so, then the burden shifts to the plaintiff to establish that the acts were performed in bad faith. *Id*.

Discretionary acts are those acts that involve "the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Yanero*, 65 S.W.3d at 522. In contrast, a public officer or employee is afforded no immunity for the negligent performance of a *ministerial* act, which is an act "that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Id*.

> Discretionary or judicial duties are such as necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued. Discretion in the manner of the performance of an act arises when the act may be performed in one of two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed.

*Collins v. Commonwealth of Ky. Natural Resources and Environmental Protection Cabinet*, 10 S.W.3d 122, 125 (Ky.1999) (citation omitted).

As the Court explained in its prior order, decisions regarding the how the event at issue would be conducted were discretionary acts, involving personal judgments, not merely obedience to the orders of others or execution of specific, defined acts. These decisions included decisions about how the event would be staffed and supervised; the standards, rules, and regulations that would govern the event; the preparation of the property for the event; and the actual supervision of the event. These are the decisions and actions that form the basis for the plaintiff's complaint and they are all discretionary acts.

Accordingly, the burden shifts to Smith to show that the acts complained of were taken in bad faith. This element has both objective and subjective components. *Yanero*, 65 S.W.3d at 523. An official is not entitled to qualified official immunity if he took

7

actions that he knew *or reasonably should have known* would violate the constitutional, statutory, or other clearly established right of the plaintiff. *Id*.; *Sloas*, 201 SW.3d at 486. This is the objective component. Bad faith can also be based on a willful or malicious intent by the public officer to harm the plaintiff. This is the subjective component. *Yanero*, 65 S.W.3d at 523. "There must be some implication of self-interest, or a deliberate indifference, or sinister motive, rather than an honest mistake or oversight." *Sloas*, 201 S.W.3d at 485.

Smith submits no evidence that would support a claim that Grace willfully or maliciously intended to harm the plaintiff. Nor does he submit any evidence Grace took any actions that he knew or should have known would cause bodily harm to Smith.

For these reasons, Grace is entitled to qualified immunity and his motion for summary judgment must be granted.

### III. Conclusion

For all these reasons, the motions for summary judgment by Jon Grace, in his individual capacity, and Yamaha Motor Corporation (DE 48, 56) are GRANTED and all claims against these defendants are DISMISSED.

Dated October 5, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

8