UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

JOEY SMITH, )
 )  CIVIL NO. 6:13-200
   Plaintiff )
 )
v. )  **OPINION AND ORDER**
 )
HOLLER CRAWLERS OFF-ROAD CLUB, INC., )
JON GRACE, individually and )
YAMAHA MOTOR CORPORATION, USA, )
 )
   Defendants )

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the renewed motion for summary judgment (DE 75) filed by defendant Holler Crawlers Off-Road Club, Inc. Because the plaintiff has presented no evidence that he was injured at an event sponsored by Holler Crawlers, that Holler Crawlers charged him a fee for entrance into the event at which he was injured, or that Holler Crawlers maliciously failed to warn him of dangers on the property, Holler Crawlers' motion for summary judgment must be granted.

**I.      Background**

The plaintiff Joey Smith asserts that he took part in an event in Bell County at the Wilderness Trail Off-Road Park. According to the plaintiff, the park consists of 9,000 acres and "advertises over 120 miles of off-road trails available to drivers of ATV's, side-by-sides, dirt bikes, jeeps, trucks and other off-road vehicles." (DE 5, Complaint ¶ 15.) According to the plaintiff, the park is operated by the county. (DE 25 at CM-ECF p. 5.) The event at issue occurred the weekend of October 19, 2012 and was organized by the defendant Holler Crawlers Off-Road Club, Inc. (DE 5, Complaint ¶ 8.)

The event included a Holler Crawler Haunted Forest Ride, the goal of which was to "break the world record for most ATV's and utility terrain vehicles in a parade." (Complaint ¶ 18.) The forest ride occurred the afternoon of October 20, 2012. (DE 5, Complaint ¶ 18.) That evening, a "haunted trail ride" and a concert took place on the property. (DE 5, Complaint ¶ 19; DE 30-1, Mem. at 1.)

At about 4:00 that afternoon, an event participant named Steve Payne was killed when two underage motorcyclists collided with his motorcycle. (DE 30-1, Mem. at 2.) A couple of hours later, the plaintiff Smith was driving a side-by-side ATV to the concert with Luke Woodward and two other passengers. (DE 30-1, Mem. at 2.) Smith's ATV was overturned and he and Woodward were injured. (DE 30-1, Mem. at 2.)

Smith filed this action against various defendants including Holler Crawlers. Smith alleges that Holler Crawlers is a members-only, trail-riding club and offers guided tours on the Wilderness Trail ATV Park. (DE 5, Complaint ¶ 16.) He further alleges that Holler Crawlers organized the forest ride and that it also offered the haunted trail ride. (DE 5, Complaint ¶¶ 18, 19.)

Smith alleges that Holler Crawlers announced on its website that the haunted trail ride would be:

> The biggest, scariest, most insane one yet!!! More actors and new scenes that will make the riders who dare to enter the blood-soaked grounds of the Haunted Forest need a new pair of britches. . . if they are lucky enough to survive! We have been given rave reviews of the trail every year, and this year we are going to continue to improve. Our club has been working hard on new scene ideas that will be our wildest yet! Don't be fooled by the imitations. . . this is the ORIGINAL AND THE BEST!

(DE 5, Complaint ¶ 19.)

2

According to Smith, Holler Crawlers "planned, financed, staffed, promoted, supervised and sponsored the Haunted Forest Ride in the world record attempt at Wilderness Trail." (DE 5, Complaint ¶ 20.)

The Court has construed Smith's complaint to assert a negligence claim against all of the defendants. Smith also alleges that the defendants were "grossly negligent, reckless, wanton, willful, and oppressive, or committed. . . acts with scienter and malice," making them liable for punitive damages. Holler Crawlers now moves for summary judgment.

## II.  Analysis

Holler Crawlers asserts that it is immune from liability under a state statute known as the "Recreational Use Statute," the intent of which is to encourage landowners "to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." KRS 411.190(2). Various states have enacted such statutes in order to provide landowners who open their lands to the public "legislative immunity from acts of ordinary negligence" so that states do not have to "acquire land for recreational use by their citizens." *Midwestern, Inc. v. N. Kentucky Cmty. Ctr.*, 736 S.W. 2d 348, 351 (Ky. App. 1987). The limitations on landowner liability are found in subsections 3 and 4 of the statute. Subsection 3 provides:

> Except as specifically recognized by or provided in subsection (6) of this section, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for such purposes.

KRS § 411.190(3).

Subsection 4 of the statute provides:

> Except as specifically recognized by or provided in subsection (6) of this section, an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreation purposes does not thereby:
>
> (a) Extend any assurance that the premises are safe for any purpose;
>
> (b) Confer upon the person the legal status of an invitee or licensee to whom a duty of care is owed; or
>
> (c) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of those persons.

KRS § 411.190(4).

Courts have explained with regard to identical provisions in other states that "[t]he legislative intent was to treat those who use private property for recreational purposes as though they were trespassers. Thus, landowners who open their land for recreational activities have no duty to the public other than to refrain from willful or wanton conduct." *Berman v. Sitrin*, 991 A.2d 1038, 1043-44 (R.I. 2010) (citations and quotations omitted). *See also To v. City of Coeur D Alene*, No. CV 2002 5424, 2004 WL 1080156, at * 2 (Idaho Dist. 2004) (stating that, under Idaho's statute, "[l]andowners are not relieved of all liability, they owe users the same duty as is owed to trespassers, which is the duty to refrain from willful or wanton conduct.")

The Kentucky statute similarly restricts the duty of the landowner who opens his land to the public for recreational purposes without charge. Under Kentucky law, a landowner owes no duty to a trespasser except to "refrain from inflicting or exposing him to wanton or willful injury or setting a trap for him." *Chesser v. Louisville Country Club*, 339 S.W.2d 194, 197 (Ky. 1960). Subsection 6 of Kentucky's Recreational Use Statute explicitly provides that the limitation to liability provided for in subsections 3 and 4 do not apply where the landowner displays a "willful or malicious failure to guard or warn against" dangers on the property.

4

The statute restricts the liability of an "owner of land." It appears that the land where the events at issue occurred is owned by defendant Asher Land and Mineral, LLLP. (DE 27-2, Asher Aff; DE 27-3, Lease.) Under the statute, however, property can have multiple "owners." The statute defines an owner as the "possessor of a fee . . . interest, a tenant, lessee, occupant, or person in control of the premises." KRS § 411.190(1)(b). In its initial motion for summary judgment, Holler Crawlers asserted that it is an owner of the land at issue because it was "in control of the premises" on the date in question. Smith did not dispute that either in response to the original motion or in response to the current motion. Accordingly, the Court finds that Holler Crawlers is an "owner" under the Recreational Use Statute.

As he did in response to Holler Crawlers' original motion, Smith argues that the statute does not grant immunity to Holler Crawlers for two reasons. First, he alleges that Holler Crawlers maliciously and willfully failed to warn against known dangers after it learned of Steve Payne's death.

Second, Smith argues that the statute does not grant immunity to Holler Crawlers because the statute provides that the limitations to liability do not apply "[f]or injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for recreational use thereof . . . ." KRS § 411.190(6). A "charge" is defined by the statute as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." KRS § 411.190(1)(d).

5

As to evidence of any willful or malicious acts or omissions, in response to Holler Crawlers' initial motion for summary judgment, Smith alleged that, before he was injured, Holler Crawlers was aware of Payne's death and warned no one. (DE 35-1, Response at 2, ¶¶ 2, 14, 20.) In this motion, Holler Crawlers submits evidence that Smith's alleged injuries did not occur at any event organized by Holler Crawlers, but instead the injuries occurred in another area of the 9,000-acre park. It has also submitted evidence that it was not aware of Payne's injuries until after Smith was already injured. (DE 75-3, Interrog. No. 6.)

In response, Smith has not presented any evidence that his injuries did occur at a Holler-Crawler organized event or that Holler Crawlers was aware of Payne's injuries before Smith was injured. In an interrogatory, Holler Crawlers asked Smith to state "what, if any, evidence you have that any member of Holler Crawlers Off-Road Club, Inc. had knowledge of the accident involving John S. Payne. . . prior to the time of your alleged accident." Smith responded only by stating, "[m]y attorney will have to answer this question." (DE 75-4, Interrog. No. 13.)

Thus, there is no evidence from which a jury could determine that Holler Crawlers displayed a "willful or malicious failure to guard or warn against" dangers on the property.

As to Smith's argument that the statute does not grant immunity to Holler Crawlers because it charged him for entrance onto the property where his injuries occurred, Holler Crawlers has presented evidence that it did not charge any fee for entry into the park itself. (DE 33-3, Stephan Aff.) Smith has presented no evidence to the contrary.

It is true that concertgoers were required to pay a fee to attend the concert. With this motion, however, Holler Crawlers has presented evidence that Smith did

6

not purchase a ticket to the concert and that any injuries he sustained did not occur at the concert location or at any of the events organized by Holler Crawlers. (DE 75-2, Admission Request Nos. 6, 7; DE 75-3, Interrog. No. 6.) Smith presents no contrary evidence. Accordingly, the exception to immunity for landowners who charge for entrance onto their land is inapplicable.

### III.     Conclusion

For all the above reasons, the Court finds that Holler Crawlers is immune from liability under the Recreational Use Statute and hereby ORDERS that its motion for summary judgment (DE 75) is GRANTED and all of the plaintiff's claims against Holler Crawlers are DISMISSED.

The Court further hereby ORDERS that the joint motion for oral argument (DE 77) is DENIED. The Court has ruled on this motion and the motions for summary judgment filed by defendants Jon Grace and Yamaha Motor Corporation, USA and none of these motions required a hearing.

Dated October 6, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY